**UNITED STATES of America, Appellee,**

v.

**John MALIZIA, Frank Costanzo, Alan Cummings and Larry Quartiero, Defendants-Appellants.**

**Nos. 76 to 79, Dockets 83–1131 to 83–1134.**

United States Court of Appeals, Second Circuit.

Argued Sept. 21, 1983.

Decided Oct. 27, 1983.

John Joseph Sutter, Mineola, N.Y. (Ruth C. Balkin, Mineola, N.Y., of counsel), for defendant-appellant Malizia.

Roger Hausch, Mineola, N.Y., for defendant-appellant Costanzo.

Albert A. Gaudelli, Flushing, N.Y., for defendant-appellant Cummings.

Ivan W. Hametz, North Massapequa, N.Y., for defendant-appellant Quartiero.

Mervyn Hamburg, Dept. of Justice, Wash., D.C. (Raymond J. Dearie, U.S. Atty., E.D.N.Y., Brooklyn, N.Y., on the Brief), for appellee.

Before LUMBARD, OAKES and VAN GRAAFEILAND, Circuit Judges.

**30.** Ringer, *First Thoughts on Copyright Act of* *1976,* 22 N.Y.L. Sch.L.Rev. 477, 490 (1977).

VAN GRAAFEILAND, Circuit Judge:

Since the Racketeer Influenced and Corrupt Organizations Act (RICO) was enacted in 1970 as part of Pub.L. 91–452, this Court has expressed concern on several occasions about misuse of the statute by overzealous prosecutors. *See, e.g., United States v. Ivic,* 700 F.2d 51, 64–65 (2d Cir.1983); *United States v. Huber,* 603 F.2d 387, 395–96 (2d Cir.1979), *cert. denied,* 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 758 (1980). *See also United States v. Altese,* 542 F.2d 104, 108–11 (2d Cir.1976) (Van Graafeiland, J., dissenting), *cert. denied,* 429 U.S. 1039, 97 S.Ct. 736, 50 L.Ed.2d 750 (1977). Because such misuse has occurred in the instant case, we are compelled to reverse appellants' convictions.

Following a jury trial before Judge Mishler in the United States District Court for the Eastern District of New York, appellants were convicted of violating and conspiring to violate 18 U.S.C. § 1962(c) by fixing horse races. The convictions were based on proof that appellants had attempted several wagering coups in 1978 by drugging some of the horses entered in races at the Roosevelt and Yonkers racetracks and then betting on the undrugged horses. In return for benefits paid or promised by appellants, James Veno, a licensed groom, assisted in this wrongful undertaking. In every instance, however, Veno helped appellants locate and drug horses other than those which he, himself, groomed.

Appellants' conduct was in clear violation of N.Y. Penal Law § 180.50 (McKinney 1975), which proscribed tampering with any animal involved in a sports contest in a manner contrary to the rules governing such a contest. However, because violation of section 180.50 was only a class A misdemeanor permitting a one-year maximum sentence, N.Y. Penal Law § 70.15(1), it did not fall within RICO's definition of "racketeering activity", which requires that a predicate State law violation be punishable by imprisonment for more than one year, 18 U.S.C. § 1961(1). Accordingly, the Government based its RICO charges on N.Y. Penal Law § 180.40, violation of which is a class

D felony permitting imprisonment for up to seven years, N.Y. Penal Law § 70.00(2)(d). Nefarious though appellants' scheme was, it did not violate this felony statute.

Section 180.40 provides in pertinent part that a person is guilty of sports bribing when he "[c]onfers, or offers or agrees to confer, any benefit upon a sports participant with intent to influence him not to give his best efforts in a sports contest." There is no logical way in which that statute can be read to embrace the facts of this case. "[B]est efforts in a sports contest" are directed toward the achievement of victory or expanding the margin of victory. By proscribing bribes aimed at inducing sports participants not to give their best efforts, the New York Legislature obviously intended to prohibit the bribing of participants to lose or to narrow their margin of victory.

This interpretation of section 180.40 is supported by the clear scope of its predecessor statutes. New York first prohibited the bribing of sports participants in 1921 when it enacted a law to prohibit the bribing of baseball players. 1921 N.Y. Laws c. 80. The 1921 law prohibited bribes given with intent to influence a baseball player "to lose or try to lose a baseball game." In each of the years 1935, 1941, 1945, 1951 and 1952 the statute was expanded to cover additional sports and sports participants. 1935 N.Y. Laws c. 790; 1941 N.Y. Laws c. 753; 1945 N.Y. Laws c. 602; 1951 N.Y. Laws c. 147; 1952 N.Y. Laws c. 355. In 1952, the Legislature added a prohibition against the bribing of sports referees or other officials "to affect [their] decisions or the performance of [their] duties in any way." 1952 N.Y. Laws c. 355. For any other sports participant, including a "groom", the statute continued to prohibit only those bribes given to influence him "to lose or try to lose or cause to be lost or to limit his or his team's margin of victory." *Id.* When the Penal Law was revised in 1965, it was this prohibition that was substantially restated by the phrase "not to give his best efforts". *See* Temporary State Commission on Revision of the Penal

Law and Criminal Code, *Proposed New York Penal Law,* Commission Staff Notes to § 185, at 367 (1964).

Appellants did not ask Veno to refrain from giving his best efforts. Instead, they sought Veno's help in drugging horses that were competing with those under his care. In other words, Veno was bribed to help his horses win races, not lose them. Because bribery for this purpose was not "plainly and unmistakably" proscribed by N.Y. Penal Law § 180.40, the judgments of conviction must be reversed. *See Dunn v. United States,* 442 U.S. 100, 112–13, 99 S.Ct. 2190, 2197, 60 L.Ed.2d 743 (1979).

Reversed and remanded to the district court with instructions to dismiss the indictment.